UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * *

Ronald Lee Lewis,

        Petitioner,

vs.                        REPORT AND RECOMMENDATION

Warden, FMC-Rochester,

        Respondent.         Civ. No. 06-329 (ADM/RLE)

* * * * * * * * * * * * * * * * * *

This matter is before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. §636(b)(1)(B), upon the routine supervision of cases, and upon the Petitioner's informal Motion to Stay the Proceedings, which is contained within his Response to the Respondent's Response to the Petition for a Writ of Habeas Corpus. See, Docket No. 22.

The Petitioner is a prisoner at the Federal Medical Center, in Rochester, Minnesota ("FMC-Rochester"), to which he was transferred owing to a medical condition that he describes as "bullous emphysema." By way of background,

"[e]mphysema is characterized by abnormal permanent enlargement of the airspaces distal to the terminal bronchioles with destruction of their walls and without obvious fibrosis." The Merck Manual (17th Ed.), at p. 568. The "ballous," or "cystic" form of emphysema, involves "single or multiple large cystic alveolar dilations of the lung tissue." Dorland's Illustrated Medical Dictionary (29th Ed.), at p. 585. As is the case of all chronic obstructive pulmonary diseases, ballous emphysema can have a broad spectrum of severities.

On January 24, 2006, the Petitioner filed a Petition for a Writ of Habeas Corpus, pursuant to Title 28 U.S.C. §2241, in which he alleged, in part as follows:

> This petitioner does not have regular emphysema associated with your average older person. Petitioner is fifty-five years old, [and] has had this disease for twenty-three years. (Of course it has gotten worse over the years). This petitioner has a unique form of emphysema. Sometimes petitioner can go without supplemental oxygen, sometimes he can't. Petitioner has extensive bullous emphysema on both lungs. Because petitioner's lung function evaluations, which are called the FEV1, this petitioner is on the 'Hospice' program because he is not expected to live for another year.

Petition, Docket No. 1, at p. 3.

Further, the Petitioner alleged that the ambient air within FMC-Rochester causes him "almost constant respiratory distress." Id.

As related by the Petitioner, "[i]ncarceration of petitioner in any prison at this stage of his life is to subject him to cruel and unusual punishment." Id. at p. 4. The Petitioner also represented, as follows:

> Petitioner was sentenced to one year and one day for supervised release violation and thirty months for mail fraud. Petitioner is presently scheduled for release on August 15, 2007. If this Court does not intervene petitioner will not live to make it to the end of his sentence.

Id. at p. 5.

Accordingly, the Petitioner requested Habeas relief in the form of a "compassionate release," presumably pursuant to Title 18 U.S.C. §3582(c)(1)(A).

On March 8, 2006, the Respondent filed a Response to the Petitioner's Petition for a Writ of Habeas Corpus, which urged that the Petition be denied because, inter alia, the Petitioner had failed to exhaust his administrative remedies. In his Response, the Petitioner acknowledges that he has not exhausted his administrative remedies, but he advises that an administrative request for compassionate release has been presented to the Respondent, on the Petitioner's behalf, by Dr. Michael D. Anderson, who appears to be one of the Petitioner's treating physicians. See, Docket No. 19. Accordingly, the Petitioner, in his Response, moves the Court to place his Petition in stay and abeyance while he exhausts his administrative remedies. The Plaintiff has

since clarified that he has requested a stay, in the alternative to a dismissal, in the event that we decline to excuse his failure to exhaust his administrative remedies. See, Docket No. 28.

The Respondent opposes the Petitioner's Motion to Stay, based upon the assertion that the Petitioner's failure to exhaust his administrative remedies deprives the Court of Federal Subject Matter Jurisdiction. In support of his position, the Respondent relies upon the Prison Litigation Reform Act of 1995, and specifically, Title 42 U.S.C. §1997e(a), which provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." The Respondent also cites to authority from the Court of Appeals for the Eighth Circuit, and the United States Supreme Court, which have held that, under Section 1997e(a), exhaustion of administrative remedies is required for prisoners who are challenging prison conditions under Title 42 U.S.C. §1983, or other Federal law. See, Porter v. Nussle, 534 U.S. 516, 524-25 (2002); Booth v. Churner, 532 U.S. 731, 741 (2001); Walker v. Maschner, 270 F.3d 573, 577 (8th Cir. 2003); Chellett v. Harris, 229 F.3d 884, 885 (8th Cir. 2000), cert. denied, 531 U.S. 1156 (2001); Graves v. Norris, 218 F.3d 884, 885 (8th Cir.

2000); McAlphine v. Morgan, 216 F.3d 680, 682 (8th Cir. 2000). Thus, the Respondent urges that the failure of the Petitioner to exhaust his administrative remedies, before the commencement of litigation, requires the dismissal of his Petition, as opposed to a stay. See, Johnson v. Jones, 340 F.3d 624, 627 (8th Cir. 2003)("If exhaustion was not completed at the time of filing, dismissal is appropriate.").[1]

Here, however, the Respondent's reliance on Section 1997e(a) is misguided. Notably, while the Petition contains multiple allegations concerning the conditions at FMC-Rochester, his Petition challenges his continued detention, and therefore, was properly filed as a Petition for a Writ of Habeas Corpus pursuant to Title 28 U.S.C. §2241. See, Archuletta v. Hedrick, 365 F.3d 644, 647 (8th Cir. 2004)(District Court erred in construing pro se Petition as a "conditions of confinement case," where the "dominant theme" of the Petition was "that his continued detention at that facility [was] unlawful and unconstitutional."); see, e.g., United States v. Maldonado, 138 F.

---

[1] While the authority that has been cited by the Respondent leaves little doubt that, where Section 1997e(a) applies, a prisoner is required to exhaust his administrative remedies, our Court of Appeals has explicitly held that the requirements of Section 1997e(a) are not jurisdictional. See Challett v. Harris, 229 F.3d 684, 687 (8th Cir. 2000), cert. denied, 531 U.S. 1156 (2001). As such, the Respondent errs in asserting that a prisoner's failure to exhaust his administrative remedies, under Section 1997e(a), deprives the Court of Federal Subject Matter Jurisdiction.

Supp.2d 328, 332 (E.D. N.Y. 2001); Engle v. United States, 26 Fed.Appx. 394, 396 (6th Cir. 2001).  By their very nature, Habeas Petitions do not challenge "prison conditions," and are not subject to the exhaustion requirement of Section 1997e(a). See, Skinner v. Wiley, 355 F.3d 1293, 1294 (11th Cir. 2004)(District Court erred in applying the PLRA's exhaustion requirement to a Section 2241 Habeas Petition); United States v. Basciano, 369 F. Supp.2d 344, 348 (E.D. N.Y. 2005), citing Carmona v. United States Bureau of Prisons, 243 F.3d 629, 634 (2nd Cir. 2001); Monahan v. Winn, 276 F. Supp.2d 196, 204 (D. Mass. 2003); cf., Malave v. Hedrick, 271 F.3d 1139, 1140 (8th Cir. 2001), cert. denied, 537 U.S. 847 (2002)(PLRA filing fee provision did not apply to Habeas proceeding); Archuletta v. Hedrick, supra at 647(declining to decide whether the petitioner was a "prisoner" for the purposes of Section 1997e(a), because it construed the Petition as one for Habeas relief, rather than a conditions of confinement case).

Rather, the exhaustion requirement for Habeas Petitions, which are brought under Section 2241, is a judicially created doctrine, as opposed to a statutory mandate. Gonzalez v. O'Connell, 355 F.3d 1010, 1015 (7th Cir. 2004).  As such, exhaustion of administrative remedies is not a jurisdictional prerequisite to the filing of a Petition under Section 2241.  Id.; see also, Brown v. Rison, 895 F.2d 533, 535 (9th Cir. 1990).

"Therefore, failure to exhaust administrative remedies does not divest [a] court of jurisdiction in [a] habeas corpus case." Dougherty v. Crabtree, 812 F. Supp. 1089, 1091 (D. Ore. 1991); see, e.g., Archuletta v. Hedrick, supra at 646-648 (considering merits of 2241 Petition despite the petitioner's failure to exhaust his administrative remedies). "[A] Court may, in its discretion, excuse the failure to exhaust and reach the merits of the petition." United States v. Browning, 761 F. Supp. 681, 683 (C. D. Cal. 1991); see also, Mason v. Ciccone, supra at 869("The prior exhaustion of prison grievance procedures is merely a requirement, imposed under the discretionary authority of the court, designed to control the time, mode and exercise of that power.").

With these precepts in mind, we find no jurisdictional bar to the Petitioner's request that we place his Petition in Administrative Stay pending the exhaustion of his administrative remedies.  Rather, "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. North American Company, 299 U.S. 248, 254 (1936); see also, Rhines v. Weber, 544 U.S. 269, ---, 125 S.Ct. 1528, 1534 (2005); Lunde v. Helms, 898 F.2d 1343, 1345 (8th Cir. 1990), cert. denied, 498 U.S. 897 (1990); Webb v. R. Rowland & Co., Inc., 800

F.2d 803, 808 (8th Cir. 1986); City of Bismarck v. Toltz, King, Duvall, Anderson and Associates, Inc., 767 F.2d 429, 433 (8th Cir. 1985); Contracting Northwest, Inc. v. City of Fredericksburg, Iowa, 713 F.2d 382, 387 (8th Cir. 1983); Armstrong v. Mille Lacs County Sheriff's Department, 112 F. Supp.2d 840, 843 (D. Minn. 2000); Moline Machinery, Ltd. v. Pillsbury Co., 2001 WL 1766339 at *2 (D. Minn., December 21, 2001). "How this best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." Id. at 254-255.[2]

---

[2] The United States Supreme Court, in Rhines v. Weber, 544 U.S. 269, ---, 125 S.Ct. 1528 (2005), recently acknowledged the authority of a Federal Court to stay a State prisoner's Habeas Petition, under Title 28 U.S.C. §2254, in order to allow the prisoner to exhaust his State Court remedies. However, the Court also noted that such authority was necessarily limited by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Specifically, the Court recognized that "[s]tay and abeyance, if employed too frequently, has the potential to undermine the[] twin purposes" of the AEDPA, which it describes as reducing delay in the execution of State and Federal criminal sentences, and encouraging prisoners to seek relief from State Courts in the first instance. The Court further noted those purposes are effectuated, in part, by the one (1) year statute of limitations that is set forth in Title 28 U.S.C. §2244(d), as well as the provision for tolling that statute of limitations during the pendency of State post-conviction proceedings. The Court also observed that the AEDPA codified the total exhaustion requirement for a prisoner who is in custody upon the Judgment of a State Court, and who is seeking Habeas Corpus relief. Id., citing Title 28 U.S.C. §2254(b)(1)(A); see, Rose v. Lundy, 455 U.S. 509 (1982).

A review of the provisions that were identified by the Supreme Court, in Rhines, discloses that the AEDPA does not restrict the authority of the Court to stay a Habeas Petition, which has been brought by a Federal prison inmate, under the authority of

Here, we have weighed the competing interests of the parties, along with the interest of the Court in the just, speedy, and inexpensive disposition of the case, see, Rule 1, Federal Rules of Civil Procedure, and we find that a stay is proper. In weighing the interests, we are cognizant of the possibility that the Petitioner will obtain the relief that has been requested through the administrative process of the United States Bureau of Prison's ("BOP"), and that further Court action will be unnecessary. Moreover, as has been noted by the Respondent, any dismissal of the Petition, as a result of the Petitioner's failure to exhaust his administrative remedies, would be without prejudice. Therefore, in the event that the Petitioner is unsuccessful in his attempts to obtain administrative relief, the Petitioner can renew his claim in this Court.

---

Title 28 U.S.C. §2241. Specifically, both the statute of limitations set forth in Section 2244(d), and the total exhaustion requirement of Section 2254(b)(1)(A), apply to "a person in custody pursuant to the judgment of a State court," and we are not aware of any provisions of the AEDPA which provide similar limitations on a Federal prisoner, who is not challenging his sentence under Title 28 U.S.C. §2255, but who is otherwise challenging his confinement under Section 2241. See also, Frazier v. Hessen, 40 F. Supp.2d 957, 960 (W.D. Tenn. 1999). Accordingly, while our resolution of the pending Motion will necessarily require a consideration of the policies favoring exhaustion, we conclude that the AEDPA does not limit our discretion to stay the Petitioner's Section 2241 Habeas Petition. Cf., Venetucci v. LeBlanc, 2003 WL 24013824 at *2 (D. Minn., April 10, 2003)("[T]he AEDPA does not govern petitions brought under [Section 2241]", adopted, 2003 WL 21057066 (D. Minn., May 9, 2003); Barapind v. Reno, 225 F.3d 1100, 1111 (9th Cir. 2002).

Against those factors, we weigh the Petitioner's interest in a stay. As noted, the Petitioner appears to be suffering from a very serious medical condition, and the progress note of February 14, 2006, that was written on the Petitioner's behalf by Dr. Anderson, suggests that the Petitioner has less than a fifty (50) percent chance of surviving the oncoming year. See, Docket No. 19. Without expressing any opinion on the Petitioner's entitlement to a compassionate release, we harbor serious concerns that, if his administrative request for a compassionate release were denied, the Petitioner would suffer significant prejudice if he were required to re-file his Petition, in that he would be at an increased risk of not surviving the adjudication of his Petition. As such, we conclude that the interests of justice would not be advanced if the Plaintiff were required to begin the process anew, in the event that his pursuit of his administrative remedies proves to be unsuccessful.

In sum, under the present circumstances, the requested stay advances one of the primary justifications for the administrative exhaustion requirement -- namely providing the BOP with the opportunity to resolve prisoner grievances in the first instance, and without Court intervention -- while ensuring that any adjudication of the Petitioner's entitlement to a compassionate release, should such an adjudication become necessary, be secured as expeditiously as possible. Therefore, we

recommend that the Petitioner's Motion to Stay be granted, and that this action be placed in Administrative Stay, until such time as the Petitioner has fully exhausted his administrative remedies.[3]  It is our understanding that such a placement removes the case from the Court's active docket, and any reporting requirements imposed upon the Courts.  Once the Petitioner has fully exhausted his administrative remedies, he should notify the Court, in writing, and if necessary, the case will be returned to active status.

    NOW, THEREFORE, Its is –

---

[3]Our recommendation should in no way be construed as excusing the Petitioner from his failure to exhaust his administrative remedies.  While we do have some discretion to excuse the Petitioner's failure to exhaust his administrative remedies, our discretion is limited to situations involving special circumstances necessitating such action. See, Kendrick v. Carlson, supra at 1447 ("[The Petitioner] has not demonstrated any special circumstances that would lead us to conclude that exhaustion should not be required in this case."); Willis v. Ciccone, supra at 1015 (Exhaustion of administrative remedies is required, "except in the most unusual circumstances.").  Generally, the medical condition of a petitioner who is seeking a compassionate release does not create a special circumstance, which would excuse a petitioner's failure to exhaust his administrative remedies, see, e.g., Engle v. United States, 26 Fed.Appx. 394, 396 (6th Cir. 2001); Douglas v. Fleming, 2004 WL 1402520 at *1-2 (N.D. Tex., June 23, 2004), and the Petitioner has not presented any other circumstance that would allow him to proceed with his action without first exhausting his administrative remedies.  Therefore, while we have recommended that the Petitioner's request to place his Petition in Administrative Stay be granted, we decline to excuse his failure to exhaust his administrative remedies.

RECOMMENDED:

1.   That the Petitioner's informal Motion to Stay [Docket No. 22] is GRANTED.

2.   That this case be placed into an Administrative Stay until further Order of the Court.

Dated: April 6, 2006                            *s/Raymond L. Erickson*

                                              Raymond L. Erickson
                                              CHIEF U.S. MAGISTRATE JUDGE

**NOTICE**

Pursuant to Rule 6(a), Federal Rules of Civil Procedure, D. Minn. LR1.1(f), and D. Minn. LR72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties **by no later than April 21, 2006,** a writing which specifically identifies those portions of the Report to which objections are made and the bases of those objections. Failure to comply with this procedure could preclude review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall timely order and file a complete transcript of that Hearing **by no later than April 21, 2006,** unless all interested parties stipulate that the District Court is not required by Title 28 U.S.C. §636 to review the transcript in order to resolve all of the objections made.