UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Ronald Lee Lewis,

        Petitioner,

    v.

Warden, FMC-Rochester,

        Respondent.

**MEMORANDUM OPINION
AND ORDER**
Civil No. 06-329 ADM/RLE

_____

Ronald Lee Lewis, *pro se*.

Friedrich A. P. Siekert, Esq., Assistant United States Attorney, Minneapolis, MN, on behalf of Respondent.

_____

## I. INTRODUCTION

    This matter is before the undersigned United States District Judge on Respondent Warden, FMC-Rochester's ("Respondent") Objections [Docket No. 31] to the April 6, 2006 Report and Recommendation ("R&R") [Docket No. 30] of Magistrate Judge Raymond L. Erickson, which recommends a stay of Petitioner Ronald Lee Lewis' ("Petitioner") Petition for Writ of Habeas Corpus [Docket No. 1]. Because this Court does not have jurisdiction to hear the Petition, the Objections are granted in part, and the case is transferred to the Northern District of Texas.

## II. DISCUSSION

    Petitioner, an inmate at FMC-Rochester, is terminally ill and may not survive to the end of his sentence, which expires in August 2007. He is currently in the prison hospice program, as he is not expected to live another year. Petition at 3. He has filed a Petition seeking habeas relief in the form of compassionate release under 18 U.S.C. § 2582(c)(1)(A). Respondent

initially opposed the Petition on the grounds that jurisdiction is lacking because Petitioner failed to exhaust his administrative remedies.  The R&R, however, correctly held that exhaustion requirements for habeas petitions are not mandated by statute; rather, they are a judicially created doctrine.  Gonzalez v. O'Connell, 355 F.3d 1010, 1015 (7th Cir. 2004).  Thus, exhaustion of administrative remedies is not required for jurisdiction under § 2241.  Id.; Brown v. Rison, 895 F.2d 533, 535 (9th Cir. 1990).  Based on this, the R&R recommends staying the Petition, finding that although Petitioner's administrative request may be successful and that any dismissal would be without prejudice, these factors were outweighed by the potential prejudice given Petitioner's precarious medical condition if he were required to re-file his Petition.

Respondent's instant Objections argue that this Court lacks jurisdiction to hear the Petition because it is not the sentencing court.  Under 18 U.S.C. § 3582(c)(1)(A); 28 C.F.R. §§ 571.60, 571.62, only the sentencing court may make an inmate immediately eligible for parole on a compassionate release motion.  Because Petitioner was sentenced by the Northern District of Texas, this Court can not hear his Petition.  However, for the reasons set forth in the R&R, the Court does not wish to prejudice Petitioner by the delay that would be caused by dismissal of his case.  Therefore, the case is transferred to the Northern District of Texas pursuant to 28 U.S.C.  § 1406(a), which provides district courts with the power to transfer cases in the interests of justice.  This transfer will enable Petitioner to have his Petition considered quickly should his administrative remedies fail.  The Northern District of Texas may decide to stay his case in the interim.

### III. CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Respondent Warden, FMC-Rochester's Objections [Docket No. 31] are **GRANTED** in part and **DENIED** in part; and

2. The Clerk of Court is ordered to **TRANSFER** the instant action to the Northern District of Texas.

BY THE COURT:


      s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: April 27, 2006.